UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY LUGARO | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO: 21-cv-** |
| HARTFORD LIFE AND | : | |
| ACCIDENT INSURANCE CO. | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Danny Lugaro, hereby brings a civil action against Defendant, Hartford Life

and Accident Insurance Company, based on the following:

## The Parties

1.      Plaintiff, Danny Lugaro (Hereinafter "Plaintiff" or "Mr. Lugaro"), an adult

individual, is a citizen of the State of Delaware, who presently resides at 1285 E. Denneys Road,

Dover, DE 19901.

2.      Defendant, Hartford Life and Accident Insurance Company, (Hereinafter

"Defendant" or "The Hartford") is, upon information and belief, an insurance company licensed

to do business in the State of Delaware.  Upon information and belief, The Hartford's principal

mailing address for purposes of effectuating service of process is PO Box 14301, Lexington, KY

40512.

3.      At all times material hereto, Plaintiff was employed by the State of Delaware.

Pursuant to Plaintiff's employment with the State of Delaware, Plaintiff was eligible to receive

long term disability benefits pursuant to a Hartford-sponsored Group Long Term Disability

Insurance Policy.

4.      Jurisdiction is proper in this matter under Title 28, United States Code, Section

1332, in that there is complete diversity of citizenship among the parties, and the amount at issue

is in excess of $75,000.00, exclusive of costs and interest.

5.      Venue is proper in this matter pursuant to Title 28, United States Code, Section

1391(a) and (c) in that at all times material hereto, the Plaintiff is a citizen of the State of

Delaware.  Moreover, Plaintiff was employed *for the* State of Delaware.

6.      At all times material hereto, Defendant acted by and through its agents, servants,

and employees who acted within the scope of their authority from Defendant.

## THE FACTS
## PROCEDURAL BACKGROUND

7.      The allegations in paragraphs 1 through 6 are incorporated by reference as if fully

set forth herein.

8.      At all material times hereto, Mr. Lugaro was continuously employed as the Chief

Custodian for the Colonial School District.

9.      At all material times hereto, Mr. Lugaro has been eligible for benefits under the

State of Delaware's Group Long Term Disability Plan.

10.     The Policy provides in pertinent part as follows:

*"Disability" or "Disabled" means*
1) *During the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation;*
2) *For the 24 months following the Elimination Period, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings;*

3) *After that, Any Occupation. "Any Occupation means any occupation for which You are qualified by education, training or experience, and has an earnings greater than the lesser of:*
   1) *the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or*
   2) *the Maximum Monthly Benefit."*

11.     Inasmuch as the State of Delaware is a governmental entity, said policy does not qualify as an ERISA Plan, and is thus not governed by ERISA.

12.     As set forth in greater detail below, since November 2, 2018, Mr. Lugaro has been unable to perform the material and substantial duties of his job as a custodian, or any other profession.

13.     As the record reflects, at all material times since that date, Mr. Lugaro has been physically and medically unable to perform the material and substantial duties of his pre-disability job as a Chief Custodian for the Colonial School District or any other similar employer.

14.     Mr. Lugaro continues to suffer from a medical and physical disability, the nature of which, due to privacy, is detailed within the administrative record, rendering his disabled as defined under the terms of the Plan.

15.     The Hartford initially *approved* Mr. Lugaro's Long-Term Disability Claim for the *Own Occupation* period between April 26, 2019 and April 25, 2021.

16.     Via letter dated December 22, 2020, The Hartford informed Mr. Lugaro that his Long-Term disability benefits were going to be terminated beyond April 26, 2021.

17.     Mr. Lugaro timely appealed The Hartford's termination of his Long-Term Disability benefits via supporting records and appeal letter.

18.     Via letter dated October 13, 2021, The Hartford issued its final decision to terminate Mr. Lugaro's Long-Term Disability benefits.

19.     As reflected in the medical records and as set forth herein, at all material times hereto, Mr. Lugaro has been unable to perform the material and substantial duties of *Any Occupation,* including but not limited to the listing of occupation identified in The Hartford's termination letters.

20.     At all material times hereto, Mr. Lugaro has remained completely disabled from being able to engage in full-time gainful employment, and as set forth herein, The Hartford's decision to terminate Mr. Lugaro's Long-Term Disability benefits was done in disregard of the presented medical evidence, and done so without a reasonable basis.

## BREACH OF DISABILITY INSURANCE CONTRACT

21.     The allegations in paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22.     The Hartford issued a long-term disability insurance policy, "The Policy", and had a duty to provide coverage to Mr. Lugaro beyond April 26, 2021, if he was limited from performing the material and substantial duties of his *Any Occupation* due to sickness or injury.

23.     At all material times hereto, Mr. Lugaro has been disabled from performing *"the material and substantial duties"* of *Any Occupation* for the reasons provided to The Hartford and contained within the claims file and thus, establishes a continuing, compensable disability under the Policy.

24.     As outlined above, The Hartford breached its duty under the Policy and law by arbitrarily, capriciously, erroneously, incorrectly, and improperly terminating Mr. Lugaro's Long-Term disability benefits effective April 26, 2021 and ongoing.

25.     Defendant completely failed to provide a "full and fair review" and, as above, the scope and extent of its violations were so significant and egregious and so clearly affected the claim decision (and the integrity of the claim decision), that a substantive remedy in the form of an award of ongoing long term disability benefits is warranted.

26.     The decision to terminate Mr. Lugaro's disability benefits resulted in a monetary savings to The Hartford, and, thus, was tainted by a conflict of interest.

27.     As a direct result of the Defendant's breach of the policy and its wrongful termination of benefits, Mr. Lugaro has been denied payment of long term disability benefits, which payments plus interest he is entitled to recover and seeks herein.

28.     As a direct result of the Defendant's breach of the policy and wrongful termination of benefits, Mr. Lugaro has been caused to retain counsel and incur attorney's fees and incur other costs and expenses which he is entitled to recover and seeks recovery of these attorney's fees, costs, and expenses herein.

29.     As a direct result of Defendant's arbitrary and capricious and baseless decision to terminate Mr. Lugaro's disability benefits and obtain monetary savings for The Hartford, and the overall erroneous and egregious handling of Mr. Lugaro's disability claim and, thus, the accompanying, legitimate concern that Defendant will seek retribution and move to deny Mr. Lugaro's disability claim if he is reinstated under the Plan, Mr. Lugaro is entitled to and seeks herein payment of full and complete long term disability benefits available to his under the Plan.

30.     As a direct result of Defendant's wrongful decision to terminate Mr. Lugaro's disability benefits, Mr. Lugaro has been denied auxiliary benefits (e.g., health insurance and vested pension) for which he is entitled to receive as an employee for the State of Delaware.

**WHEREFORE**, Plaintiff, Danny Lugaro, herein requests that judgment be entered in his favor and against Defendant, Hartford Life and Accident Insurance Company, and for this Court to award his retroactive and ongoing payment of his long-term disability benefits, attorneys' fees, costs, and interest as permitted under the law, and any other equitable relief that this Court deems appropriate.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

_____/s/ Marc H. Snyder_____
MARC H. SNYDER, ESQUIRE
Attorneys for Plaintiff,
Danny Lugaro